Henderson, Chief-Justice.
This is a most perplexing question. It is clear from the frequent, acknowledge-ments made by the testator, not long before his death, that there were many unsettled accounts between him and the pi aintiff, and that he desired to settle them in his life time. The credits which he directed McLeod to write down, plainly point to the nature of those accounts, and show that they were for the tax money received by him, as the collector and deputy of the plaintiff. But the amount due, if any thing, does not appear, from his admissions, otherwise than it can be collected from an observation made to his -wife, that he was largely indebted, but to whom he did not even allude, further than can be inferred from the accounts between him and the plaintiff, being principal the subject of their conversation. It is very unlike an acknowledgement made by a person by agreeing to enter into a settlement, or that another should settle for him. In a case of that kind why settle, unless the balance due was to be paid ? An admission of that kind would be a waiver of the statute, for the defendant says, “ I can and agree to stand upon my rights — I can do myself justice in the settlement.” In this case, there was a great anxiety on the *465 part of the testator, to settle himself in his life time, that he might do himself justice, anda regret expressed that it could not be done upon the plaintiff’s last visit. His sending twice for the plaintiff, just before his death, evinced his great desire, that the settlement should take place, in his life-time and under his inspection, this was the settlement he was anxious and willing to have made— notone after his death, to which his estate is now called, and which the argument-must affirm, to derive any thing from his admissions, to be the one he was willing to have made. The statute was. passed to avoid litigation upon doubtful claims, and therefore when the doubt is done away by the admission' -of the party, or the benefit waived by him, it was thought to be in accordance with the spirit of the act, to declare, it formed no' bar to a suit. But here-we are left entirely in the dark, the statute has not been waived, by an agreement of the defendant’s testator to settle, except in his life-time ; and the proof is rather of an anxiety to settle, than a formal agreement, that the accounts might he settled at another time, or otherwise, than by himself in prospect of death. All the mischiefs of the statute will be let in, as the admission does not aid in settling the amount due, nor can we be satisfied, that' those are the accounts referred toj there may he olliers, and the credits entered by McLeod might not bo ail his payments, but only those for which he had no receipt, and his having them put down does not prove that he was willing that a settlement should take place after his death, but a wish to prepare for the worst. Upon the whole, I am inclined to think from policy as well as justice, anew trial should be awarded. There cannot he a non-suit, as that is entered where the plaintiff does not support his action by proof, not vdiere the defendant supports his plea.
There is. nothing in the objection that the witness wlio was examined by the plaintiff, as to the tes-, timony of one who had been sworn on a former trial, did not profess to give the very words of the deceased witness, but the substance only, No man can give the *466 words where the testimony exceeds a single sentence.— The witness himself, if desired, after closing his test!-mony p, commence and go through with it again, could only give the substance in many parts. The difficulty has arisen from the English reporters confounding substance with effect: the latter usually will not do — it must be 'the words, or the substance. If the witness professed to be able to give the whole, it was proper to hear him, and when it appeared afterwards, that he was mistaken and omitted some material parts, according to the testi" mony of another witness, the court could not decide between them, and if it could, and the addition placed the whole of what the dead witness said before the jury, they would then receive it as evidence. They must be satisfied that they have the whole of what the witness deposed to, before them ; they must have ail or none, as the whole is to be explained by the whole and by every part. I do not know in such a case how the court could do otherwise.
I feel better satisfied in sending this case to a second jury, as the verdict is large, upon a very stale demand and against the estate of a dead man, although I am not entirely satisfied on the point of the statute of limitations. But there was no acknowledgment of a debt, or balance due, or an agreement to settle then or at any other time, but a great anxiety to have a settlement in his life-time. It evinced great unwillingness, for what is the object of this suit, viz. a settlement after his death, and that by an action.
ItuKRiiV, Judge concurred.